**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CRISTOBAL ACOSTA,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL, et al.,<br>Defendants. | Case No. 18-cv-00958-BLF<br><br>**ORDER DENYING MOTION TO REMAND TO STATE COURT** |

Before the Court is Cristobal Acosta's ("Plaintiff") Motion To Remand Entire Action To State Court. Motion, ECF 66. On August 19, 2019, mere weeks before the long-scheduled trial date in this action, Plaintiff filed his motion for remand on the ground that because this Court has granted summary judgment as to all of Plaintiff's federal claims, leaving only state law claims, the Court should exercise its discretion and remain the entire case to state court. *See id.* For the reasons discussed below, Plaintiff's motion is DENIED.

### I. BACKGROUND

On the night of January 8, 2017, Plaintiff sat in his car stopped at the side of the road with a mechanical breakdown that caused "backfiring." Second Amended Complaint ("SAC") ¶ 5, ECF 39. Two California Highway Patrol ("CHP") officers responded to an on-duty sergeant's report of an explosion from the car or possible "shots fired," and approached Plaintiff's stopped car. Hill Decl. ¶ 2-4, Ex. 2 to ECF 45-1. After hearing a loud sound coming from Plaintiff's car, one officer exclaimed "Shots fired!" and "Get back." *See generally* Morasco Decl. ECF 46-5, Bleisch Decl. ECF 46-3. After hearing a second loud sound from Plaintiff's car seconds later, both officers opened fire, believing that the loud sounds coming from Plaintiff's car were gunfire. *Id.* One of the bullets struck Plaintiff. Hill Decl. ¶ 9. There is no evidence that Plaintiff possessed a gun during the

encounter.

Arising from the incident described above, Plaintiff filed this action in California state court on January 17, 2018, against the CHP, Sergeant Daniel Hill, Officer David Morasco, Jr., and Officer Jonas Bleisch (collectively, "Defendants"). *See* Compl., Ex. A to Notice of Removal, ECF 1. On February 14, 2018, Defendants removed the action to federal court. *See* Notice of Removal.

Plaintiff brought the following five causes of action:

(1) Violation of Civil Rights secured by the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 (against Officers Morasco and Bleisch);

(2) False Arrest and Imprisonment pursuant to Cal. Gov't Code §§ 815.2(a) & 820.4 (against the CHP and Officers Morasco and Bleisch);

(3) Battery pursuant to California state law and Cal. Gov't Code § 815.2(a) (against the CHP and Officers Morasco and Bleisch);

(4) Violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 (against the CHP and Officers Morasco and Bleisch); and

(5) Negligence under California law and Cal. Gov't Code §§ 815.2(a) & 820.4 (against all Defendants).

*See generally* SAC. On September 6, 2018, this Court issued its Case Management Order, setting this matter for jury trial on September 30, 2019. ECF Doc 34.

Defendants filed their motion for summary judgment on January 24, 2019, seeking judgment in their favor on all claims. *See* ECF 45. The Court held a hearing on Defendants' motion for summary judgment on May 2, 2019. On June 24, 2019, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, dismissing all of Plaintiff's federal claims and leaving only Plaintiff's state-law claims for battery[1] and negligence. ECF 58.

---

[1] In their Opposition to this Motion, Defendants inform the Court that "Plaintiff's counsel has recently advised [Defendants' counsel] that Plaintiff is abandoning his state-law Battery claim." Opp'n. at 4, n. 1. Whether or not the battery claim remains in this case does not impact the

2

Plaintiff has chosen not to appeal the Court's Summary Judgment Order. Motion at 3.

On August 19, 2019, Plaintiff filed this Motion. Three days later, on August 22, 2019, this Court held its Final Pretrial Conference. ECF 75. On September 3, 2019, Defendants filed their opposition to the motion for remand. Opp'n, ECF 78. Plaintiff did not file a reply brief. Jury selection is to commence on September 27, 2019—two weeks from the date of this Order.

## II. LEGAL STANDARD

28 U.S.C. § 1331 gives original jurisdiction to the federal court where a civil action arises under federal law, while 28 U.S.C. § 1441 establishes when cases brought in a state court of which the district courts of the United States have original jurisdiction, may be removed to federal courts. District courts have the power to extend their jurisdiction over state-law claims when those claims "derive from a common nucleus of operative fact" as the federal-law claims, "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

28 U.S.C. § 1367(c) *allows* district courts to decline supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). But, § 1367(c) does not *require* district courts to relinquish jurisdiction. "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)); *see also Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980) ("It is […] well-established that the dismissal of the federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims.").

In deciding whether to maintain jurisdiction over the state claims, courts "should consider

---

Court's decision on whether to remand this case to California state court.

3

1 and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" and should decline the exercise of jurisdiction "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its <u>early stages</u> and only state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (emphasis added).

### III. DISCUSSION

In his Motion, Plaintiff's sole argument for remand is that "factors of fairness and comity weigh heavily in favor of remand" because "Plaintiff's negligence claim, which survived summary judgment, is grounded in state law." Motion at 4. In Plaintiff's view, "[a]ny inefficiency caused by the fact that two different courts would end up presiding over this case would be greatly outweighed by the advantages, in terms of fairness and comity, of having the state court preside over a uniquely state law claim." *Id.* at 5. Defendants respond that "[a]t this late stage of this litigation, where the parties are literally days away from beginning the trial of this matter, judicial economy and fairness weigh in favor of this Court retaining pendent jurisdiction over Plaintiff's negligence claim and proceeding to trial on September 27, 2019." Opp'n at 3. The Court agrees with Defendants.

First, judicial economy weighs heavily against remanding this case. Plaintiff recognizes that "this Court has invested significant time and effort in this case" but argues that "those efforts will not have been wasted in the event of a remand." Motion at 4. The Court disagrees. This Court is closely familiar with the facts and issues in this case because the parties have been before it for a case management conference, two settlement conferences (before Magistrate Judge DeMarchi), a motion hearing, and a pre-trial conference. *See* ECF 32, 43, 54, 62. Further, this Court has issued a Summary Judgment Order in this case regarding all of Plaintiff's claims. ECF 58. The parties have proposed, and the Court has reviewed jury instructions. ECF 77. If remanded, the state court will undoubtedly have to familiarize itself with the facts and remaining issues and prepare for a trial. Such outcome is inconsistent with principles of judicial economy.

Second, values of convenience and fairness weigh in favor of moving forward with trial in this Court, which is to commence in two weeks. Fairness dictates that Defendants are entitled to a timely resolution of this case. Plaintiff does not explain how proceeding with trial would be unfair

to him. *See generally* Motion. Presumably, Plaintiff's interests would also be served by resolving this case sooner rather than later. In fact, both parties had originally requested a trial in March 2019—six months *before* the now-scheduled trial. ECF 31. The case could be delayed up to two years as it waits in line for a trial date in a busy state trial court.

Moreover, the parties have undoubtedly spent many hours preparing for trial. *See e.g.,* Opp'n at 3 ("[D]efense counsel has expended approximately 72 hours of time (excluding time for preparing this Opposition) in preparing Pretrial Conference materials for this case and preparing this matter for trial to begin on September 27, 2019."). At this late stage, the parties have prepared pretrial statements (ECF 70), witness list (ECF 70-1), exhibit list (ECF 70-2), proposed jury instructions (ECF 77), and other pre-trial materials. The Court expects that the parties have also nearly completed their review and preparation of evidence and witnesses. If remanded, all such efforts will necessarily be duplicated because the parties would be required to prepare for another trial at a later date and in accordance with state court's rules and procedures.

Finally, comity does not tip the scale in favor of remand. Plaintiff argues that "negligence claim, which survived summary judgment, is grounded in state law that provides a basis for recovery in police shooting cases that is significantly broader than what is allowed under 42 U.S.C. § 1983." Motion at 4. While considerations of comity typically weigh in favor of allowing state courts to rule on state-law issues, on balance, judicial economy, convenience, and fairness weigh heavily in favor of denying remand. *See Carnegie-Mellon*, 484 U.S. at 350 ("[T]he doctrine of pendent jurisdiction ... is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns").

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated: September 12, 2019

_____
BETH LABSON FREEMAN
United States District Judge

5