**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CRISTOBAL ACOSTA,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>  Defendants. | Case No. 18-cv-00958-BLF<br><br>**ORDER SUA SPONTE RECONSIDERING ORDER DENYING THE PARTIES' REQUEST TO CONTINUE TRIAL (ECF 74), GRANTING THE PARTIES' REQUEST TO CONTINUE TRIAL (ECF 64); SUA SPONTE RECONSIDERING ORDER DENYING MOTION TO REMAND TO STATE COURT (ECF 80), GRANTING MOTION TO REMAND TO STATE COURT (ECF 66)** |

Upon review of Plaintiff's Reply in Support of Motion to Remand Entire Action to State Court (Reply, ECF 79) and as discussed during the September 17, 2019 case management conference, the Court has *sua sponte* RECONSIDERED its Order Denying The Parties' Request to Continue Trial (ECF 74) and now GRANTS the parties' request to Continue Trial and Related Dates at ECF 64. In light of the now-continued trial date, the Court has further *sua sponte* RECONSIDERED its Order Denying Motion to Remand (ECF 80) and now GRANTS Plaintiff's Motion to Remand Entire Action to State Court at ECF 66. Trial dates are hereby VACATED and the case is REMANDED to state court.

**I.  BACKGROUND**

This case arises from a police shooting incident. Plaintiff, Mr. Acosta, was sitting in his car at the side of the road with a mechanical breakdown that caused "backfiring." Two California Highway Patrol ("CHP") officers—responding to an on-duty CHP sergeant's report of an explosion from the car or possible "shots fired"—opened fire, believing that the loud sounds coming from Plaintiff's car were gunfire. One of the bullets struck Plaintiff, who was in fact not armed and had

committed no crime. Plaintiff sued the CHP and three CHP officers (collectively, "Defendants").

On September 6, 2018, this Court issued a Case Management Order, setting trial to begin on September 30, 2019—six months later than the trial date requested by the parties.[1] ECF 34. In the same order, the Court set the final pretrial conference on August 22, 2019. *Id.*

Defendants filed their motion for summary judgment on January 24, 2019, seeking judgment in their favor on all claims. *See* ECF 45. The Court held a hearing on Defendants' motion for summary judgment on May 2, 2019. On June 24, 2019, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, dismissing all of Plaintiff's federal claims, leaving only Plaintiff's state-law claims for battery and negligence. Summary Judgment Order, ECF 58. Plaintiff has chosen not to appeal the Court's Summary Judgment Order. ECF 66 at 3.

Per the Court's Standing Order re Civil Jury Trials, the parties were required to file certain documents at least 14 days before the final pretrial conference. When the parties failed to file those papers, the Court issued an Order to Show Cause why sanctions against both sides should not issue. ECF 63. On the same day, August 16, 2019, the parties filed a joint stipulation requesting the trial to be continued to June 3, 2020. ECF 64 at 1. In justifying their request, the parties explained that their focus had been on the Defendants' motion for summary judgment and efforts to settle the litigation. ECF 64-1 at 2. Therefore, "in an effort to reduce the costs of litigation to all parties and the burden on the Court," the parties had agreed to postpone discovery and other litigation efforts pending the Court's decision on summary judgment and the outcome of the settlement conference held on August 15, 2019. *Id.*

A few days later, the parties filed timely responses to the Court's Order to Show Cause. *See* ECF 67; ECF 68. On August 19, 2019, Plaintiff filed a Motion to Remand the Entire Action to State Court. ECF 66. Three days later, on August 22, 2019, the Court held its final pretrial conference. After the pretrial conference, the Court discharged the Order to Show Cause based on the parties' written responses and statements at the hearing. ECF 74. In the same order, the Court denied the

---

[1] Joint Case Management Statement at 6. ECF 31.

parties' joint request to Continue Trial and Related Dates, finding that the parties had failed to show diligence and therefore did not demonstrate good cause to continue the trial date. *Id.*

On September 3, 2019, Defendants filed their opposition to the motion for remand. ECF 78. Plaintiff replied on the same day. Reply, ECF 79. On September 12, 2019, the Court inadvertently issued an on order denying the motion to remand before reviewing Plaintiff's Reply and the accompanying declaration. Plaintiff promptly brought this error to the Court's attention and the Court immediately set a case management conference. The case management conference was held on September 17, 2019. ECF 83.

In the Reply, Plaintiff explains that counsel for the parties jointly made a miscalculation – they decided to delay expert disclosures until after the Court issued its Summary Judgment Order, based on the "prediction" that "the ruling would result in an appeal and/or a remand of the state-law claims," meaning that in either scenario, trial would not go forward in September 2019. Reply at 3. At the September 17, 2019 conference, counsel for both parties confirmed the substance of this conversation. As it is so often the case, what followed did not match parties' "prediction." The Court granted summary judgment as to Plaintiff's federal claims, but not the state-law claims of negligence and battery. Plaintiff chose not to appeal the Summary Judgment Order. Also, the settlement conference held before Judge DeMarchi did not result in settlement. Consequently, mere weeks before trial, the parties found themselves with no expert discovery.

At the September 17, 2019 conference, counsel explained that after the Court's pretrial conference, both parties diligently worked to retain expert witnesses, prepare expert reports, and take depositions. Despite those efforts, however, Plaintiff's expert witness on the issue of damages, a neuropsychologist, is unavailable to provide live testimony at trial. Instead, the jury is to watch a video of the expert witness's deposition. For their part, Defendants have retained their expert witnesses, prepared reports (at extra cost due to the rushed schedule), and are prepared to present live expert testimony at trial.

## II. PARTIES' REQUEST TO CONTINUE TRIAL

The Court has now reviewed Plaintiff's Reply (and the accompanying declaration) and heard the parties' positions at the September 17, 2019 case management conference. Upon further

3

reflection, the Court finds that a rigid application of Federal Rule of Civil Procedure 16 would result in avoidable and unnecessary prejudice to Plaintiff. It is settled that district courts have broad discretion to control the course of litigation under Rule 16. *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Thus, exercising its broad discretion on scheduling issues, the Court finds that continuing the trial date is appropriate under the facts of this case.

Although the parties admittedly were not diligent in preparing for trial scheduled to begin on September 30, 2019, the Court finds that this lack of diligence was the result of a mutual, albeit incorrect, assumption by both parties that regardless of the outcome of the Court's Summary Judgment Order, trial would not move forward in this Court on September 30, 2019. *See* Reply at 3. Consequently, despite the parties' diligent efforts to prepare witnesses and evidence for trial after the Court's pre-trial conference, Plaintiff was unable to secure his expert witness's live testimony at trial. The Court finds that absence of live testimony on the critical issue of damages would be prejudicial to Plaintiff. The Court notes and appreciates Defendants' diligent efforts in retaining their expert witnesses at great expense. However, on balance, continuing the trial date is in the interest of justice.

For the foregoing reasons, the Court GRANTS the parties' request to Continue Trial and Related Dates and VACATES the trial dates. Typically, at this juncture, the Court would set a new trial date. However, the Court's earliest available date for trial is in mid-2022. Under these circumstances, as discussed below, the Court finds that this case should be remanded to the state court and therefore declines to set a new trial date.

### III. PLAINTIFF'S MOTION TO REMAND THE ENTIRE ACTION TO STATE COURT

Because the Court has now granted the parties' request to continue trial and the first available trial date in this Court is more two years away, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

4

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Under the current circumstances of this case, the Court perceives no reason to exercise supplemental jurisdiction over Plaintiff's state law claims.

In its Order Denying Motion to Remand to State Court, the Court found that judicial economy, convenience, and fairness weighed heavily against remand because trial was set to begin in two weeks and remand to state court would have resulted in undue delay. ECF 80 at 4-5 ("The case could be delayed up to two years as it waits in line for a trial date in a busy state trial court."). Circumstances, however, have changed because the parties' request to continue trial has been granted and this Court's earliest available trial date is in mid-2022.

The balance of factors, under this new set of facts, weighs against exercising discretionary supplemental jurisdiction. Judicial economy factor is now neutral. It is true that the state court will have to familiarize itself with the facts and issues in this case. However, two years from now, this Court will also have to re-familiarize itself with the case. Considerations of convenience and fairness are also neutral under the circumstances. While the parties must necessarily duplicate some of the recent weeks' pretrial efforts, the parties—who admittedly have hastily been preparing their evidence and witnesses for trial—would benefit from the additional time to present a well-prepared case to the jury. Considerations of comity remain unchanged under the new circumstances. Plaintiff's remaining claims are based upon California law and comity weighs in favor of allowing California courts to rule on state-law issues. The balance of factors at this juncture points in favor of remanding the entire case to state court.

**IV.  CONCLUSION**

For the foregoing reasons, this case is REMANDED to the Superior Court of California, County of Santa Clara. The Clerk is instructed to enter judgment consistent with this order and to close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2019

_____
BETH LABSON FREEMAN
United States District Judge